## Forkner v. Chesapeake & Ohio Railway Co.

(Decided Feb. 17, 1933.)

E. C. O'REAR, ALLEN PREWITT, and C. F. SPENCER for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Along the south line of the 20-acre tract of land owned by plaintiff and appellant, C. T. Forkner, the track of the appellee and defendant below, Chesapeake & Ohio Railway Company, runs east and west. About 200 yards north of it the state highway connecting the cities of Winchester and Mt. Sterling, Ky., parallels it at that point, and plaintiff's tract of land occupies the space between the two. There is a ravine running north and south at that point, and it heads some distance south of the railway track, the watershed on that side of the tract containing about 15 acres, and the ravine or branch as naturally formed extends across plaintiff's land and runs through a culvert under the

highway. When the railroad was firsv constructed many years ago, a dump was built across the hollow made by the ravine, with no culvert under it through which the water collected from the watershed south of the track could flow, and, as a result, the water, aftcr rainfalls, collected against the south side of the railroad dump and formed a pool, which continued for some days thereafter.

In 1931 defendant installed a culvert under its track at the location of the natural ravine, but its mouth on the north side of the dump was some 3 feet higher than the surface of plaintiff's land, and the water flowing through the culvert had that much fall at that point. Near the mouth was a natural spring; but from some cause it became covered with earth and rock, and plaintiff claims that its use was thereby destroyed. He filed this action in the Clark circuit court against defendant, and alleged that it, by the construction of the culvert, had destroyed his spring and had caused excessive amounts of water to flow across his farm and damaged him in a total sum of $2,000, for which he sought judgment; and, in addition thereto, he asked that defendant be mandatorily required to discontinue its culvert and to restore the conditions that existed before its construction. Following pleadings made the issues, and at the trial the court impaneled a jury to pass upon plaintiff's right to recover damages and to fix the amount, if his right thereto should be sustained, and it returned a verdict in his favor for $250. The parties then agreed that the court, upon the same testimony adduced before the jury, might determine and adjudge the equity relief sought by the petition. Whereupon it rendered judgment denying the right of plaintiff to require defendant to restore the former conditions by stopping up the culvert, and from that judgment alone plaintiff prosecutes this appeal.

Defendant neither appeals nor has it asked for or obtained a cross-appeal, and for which reason the judgment against it for $250 is not involved. The record does not contain the instructions that the court submitted to the jury, and we do not, therefore, know the issues upon which recovery was had, nor the measure of damages that the court submitted to the jury in arriving at its verdict. Consequently, we are not advised as to whether the verdict was arrived at upon the

theory of temporary damage, or upon the theory that the producing cause was permanent and recovery was had upon that theory, which, if done, would bar the right to the injunction prayed for. Strictly speaking, it is doubtful if any of the evidence heard at the trial is properly before us, since there is no order of court contained in the record filing what purports to be a combined transcript of the evidence and bill of exceptions. It is true that the court wrote and signed on that document these words: "Approved and ordered filed and made a part of the record, this the 14th day of April, 1932." That entry so made by the presiding judge would, no doubt, be grounds for the making of a nunc pro tunc filing order; but whether it may be accepted as a substitute for such filing order duly entered on the order book of the court is a question of considerable doubt. However, we have concluded that there is enough in the pleadings alone (and which is fortified by the testimony if it had been properly made a part of the record) to authorize the judgment appealed from in denying the mandatory injunction sought by the petition.

The situation was, that a natural drain had been dammed up by the railroad dump, resulting in the collection of water from rains that fell upon the entire area of the watershed on the south side of the railroad track. By the construction of the culvert, defendant restored the natural conditions, i. e., by opening up the natural drain under its track, and which caused the water to flow practically the same as it would have done had the ravine never been interfered with. Of course, defendant had no right in constructing the culvert to throw rock, dirt, or any other material on plaintiff's land, either where his spring was located or at any other point, but it certainly had the right to insist that the natural drain running across plaintiff's land should take care of the water collected into it throughout the area of the watershed, including that portion south of its track. Not only so, but defendant had no right to dam the ravine and cause the water to back up and spread out over the adjoining lands of proprietors on the south of its track, and which result the injunction prayed for and denied would inevitably produce. But, even if the construction of the culvert was to some extent wrongful, it would not follow that plaintiff was entitled to the injunctive relief for which he insists,

since the recovery of the slight damage shown by the testimony (if we are to consider it) would afford him an ample remedy. See Devou v. Pence, 106 S. W. 874, 32 Ky. Law Rep. 697; L. & N. R. R. Co. v. Smith, 117 Ky. 364, 78 S. W. 160, 25 Ky. Law Rep. 1459, and Somerset Water, Light & Traction Co. v. Hyde, 129 Ky. 402, 111 S. W. 1005, 33 Ky. Law Rep. 866, which hold that, where the damage produced is slight and legal remedies are ample, with hardships following the granting of the injunction, then the complaining party will be relegated to his remedy at law.

But appellant relies on the case of Wharton v. Barber, 188 Ky. 57, 221 S. W. 499, as sustaining his contention that he was entitled to have the culvert abandoned by the order of the court that he sought so directing it, and that it was error for the court to deny it. In that case the defendant against whom such relief was sought had collected an excess quantity of water and forced it into the complained of culvert, but which is not made to appear in this case, even though we were at liberty to examine the testimony. The water that collected in the ravine on the south side of defendant's track, because of the natural formation, ran down the slopes of the hollow on that side into the ravine, and the railroad dump caused no excessive amount to do so at the point where the culvert was constructed, but which was done in the Wharton opinion, the holding in which was based upon a fundamental principle of law recognized by all courts.

Upon the whole case we conclude that the judgment appealed from was and is sustained by the record, and it is affirmed.